IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JERRY RONALD SAXTON,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-239 (MTT) |
| **Officer THOMAS,** *et al.*, | ) ) ) |
| Defendants. | ) ) |

### ORDER

Plaintiff Jerry Donald Saxton filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). ECF 1; 2. On March 14, 2025, the Court granted Saxton's motion to proceed IFP and found his complaint deficient pursuant to 28 U.S.C. § 1915(e). ECF 3. Saxton was thus ordered to recast and has since filed an amended complaint, styled as a "letter regarding medical condition."[1] ECF 4. Because Saxton is proceeding IFP, the Court must screen and dismiss his amended complaint: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

---

[1] Saxton states that, pursuant to a medical condition, he cannot write. ECF 4 at 1. Thus, according to Saxton, he had to email his amended complaint to another individual so that they could print it for filing. *Id.* Because pro se litigants' pleadings "are held to a less stringent standard than pleadings drafted by attorneys," the Court accepts the email attached as an exhibit to his letter as his amended complaint, and will screen it accordingly. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998).

**I. DISCUSSION**

**A. Factual Allegations**

Saxton brings this action against Officer Thomas of the Bibb County Sheriff Department's Code Enforcement, "4 other unknown officers," and "unknown county employees."[2] ECF 4-1 at 1. Saxton alleges that he received a citation from Bibb County Code Enforcement regarding the condition of his front yard. *Id.* He alleges that Officer Thomas gave him a list of tasks to complete at his property. *Id.* at 2. According to Saxton, that list did not include any required improvements in his backyard. *Id.*

Saxton alleges that when the officers returned to his home for a compliance check, they entered his backyard without permission, removed a fence, and confiscated various items, including $40,000 worth of equipment. *Id.* At some point during the incident, Saxton alleges he was handcuffed, and his phone was confiscated to prevent him from filming the Code Enforcement Officers' actions. *Id.* Saxton also alleges that he was fined and that friends and/or family members of Officer Thomas have thrown beer bottles through the windshield of his car since the incident. *Id.* Finally, Saxton alleges that Officer Thomas' son lives with and is best friends with Saxton's ex-wife, creating a conflict of interest. *Id.* Saxton does not allege the exact date of the incident; he states only that the incident occurred "almost 1 year ago from the exact time of the second complaint," which was approximately July 2024. *Id.* at 3.

---

[2] In his initial complaint, Saxton named Sheriff David Davis and Code Enforcement Officer Mann as defendants to this action. ECF 1 at 2. His amended complaint asserts no allegations against those defendants. ECF 4-1. As the Court stated in its order to recast, the Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity"). Accordingly, any claims against Sheriff Davis and Officer Mann are **DISMISSED without prejudice**.

Saxton claims the defendants' conduct violated the Fourth Amendment's prohibition against illegal search and seizure, the Eighth Amendment, and the First Amendment. *Id.* at 3. Saxton also asserts a claim for intentional infliction of emotional distress under Georgia law and for the defendants' alleged ethical violations. *Id.*

**B. Frivolity Review**

*1. Unidentified Defendants*

As an initial matter, Saxton names "4 other unknown officers" and an unspecified number of "unknown county employees" as defendants along with Officer Thomas. ECF 4-1 at 1. Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (2010). An exception to the prohibition on fictitious-party pleading exists when the plaintiff's description of the defendant is "'at the very worst, surplusage' because the plaintiff's description of the defendant 'sufficiently clear to allow service of process.'" *Velma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020); *see Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Here, Saxton provides no description of the "4 other unknown officers and the unknown county employees," apart from their presence at his home with Officer Thomas on an unidentified date. ECF 4-1 at 2. That is not a sufficiently clear description to allow service of the unknown officers and county employees. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (finding the description "John Doe, Guard, Charlotte Correctional Institute" was "insufficient to identify the fictitious defendant among the many guards employed at CCI").

Because Saxton does not allege the specific date of the incident, it is unclear whether dismissal of the unknown defendants would effectively be with prejudice due to the statute of limitations. Accordingly, the Court will afford Saxton **60 days** from the

entry of this order to identify the unknown defendants. There will be no extensions. If Saxton properly identifies the unknown defendants, he may amend his complaint to add claims against those defendants. Saxton's amended complaint should specifically allege each defendant's actions or omissions that resulted in the violation of his rights under a specific law. Failure to properly identify the unknown defendants may result in the dismissal of Saxton's claims against them.

The Court now reviews Saxton's claims against Officer Thomas.

*2. Fourth Amendment Claim*

Saxton alleges that Officer Thomas violated the Fourth Amendment's prohibition of unreasonable search and seizure when he entered Saxton's backyard and removed his property without a warrant. ECF 74-1 at 2.

The Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.'" *U.S. v. Jacobson*, 466 U.S. 109, 113 (2984). "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *Id.* "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Id.* "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). The Supreme Court has recognized that administrative searches of homes for municipal fire, health, and safety inspections, without the homeowners' consent, are subject to Fourth Amendment protection. *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 534 (1967).

Here, Saxton alleges Officer Thomas had an order that authorized only entry into Saxton's front yard. ECF 4-1 at 2. Saxton alleges that, without a warrant, Officer Thomas cut a lock on Saxton's back fence, entered Saxton's back yard, tore down Saxton's fences, and took equipment from Saxton's home. *Id*. Construed liberally, Saxton has plausibly alleged that Officer Thomas's actions constituted an unreasonable search and seizure under the Fourth Amendment.

Accordingly, Saxton's Fourth Amendment claim against Officer Thomas will proceed for further fact-finding.

*3. Eighth Amendment Claim*

Saxton also alleges that the defendants violated the Eighth Amendment. ECF 4-1 at 3. Saxton does not specify under which clause of the Eighth Amendment he asserts a claim. However, based on Saxton's allegations, his complaint could be construed as asserting a claim under the Eighth Amendment's excessive fines clause or under the Eighth Amendment's prohibition against cruel and unusual punishment.

The Eighth Amendment's excessive fines clause provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. Saxton must plausibly allege that assessments against him are "(1) a fine and (2) excessive." *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1309 (11th Cir. 1999). A fine is excessive "if it is grossly disproportional to the gravity of a defendant's offense." *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1314 (11th Cir. 2021) (quoting *United States v. Bajakajian*, 524 U.S. 321, 335 (1998)).  When assessing whether a fine is excessive, courts consider several non-exhaustive factors including "(i) whether the defendant is in the class of persons at whom the statute was principally directed; (ii) how the imposed penalties compare to

-5-

other penalties compare to other penalties authorized by the legislature; and (iii) the harm caused by the defendant." *Id*. at 1314. Penalties "falling below the maximum statutory fines for a given offense … receive a strong presumption of constitutionality." *Id.*

Here, Saxton alleges only that he was fined $2,000. ECF 4-1 at 2. His amended complaint contains no details regarding whether this fine is disproportionate to the typical fine for code enforcement violations, or whether the fine is above the maximum amount permitted in the applicable statutory provisions. *Id.* Thus, to the extent Saxton intended to assert an excessive fine claim under the Eighth Amendment, he fails to state such a claim.

As for the Eighth Amendment's prohibition on cruel and unusual punishment, that clause applies only to individuals convicted of crimes. *Whitney v. Albers*, 475 U.S. 312, 318 (1986). Here, Saxton does not allege that he is incarcerated or that he has been convicted of a crime, and, thus, the Eighth Amendment's cruel and unusual punishments clause does not apply.[3] ECF 4-1.

Saxton's Eighth Amendment claims are **DISMISSED without prejudice**.

---

[3] The Fourth Amendment protects from government officials' use of excessive force on arrestees and other "seized" individuals. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Here, even if the Court construes Saxton's complaint as alleging excessive force under the Fourth Amendment, that claim still fails. Saxton's only allegation relating to the use of force during the alleged search and seizure is that he "was handcuffed and made to stay away." ECF 4-1 at 2. Saxton does not explain what force, if any, was used when the officers handcuffed him. And Saxton fails to allege which defendant placed handcuffs on him, rendering it impossible to tell which defendant could be liable. *See Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019) ("[O]nly the most exceptional circumstances will permit an excessive force claim on the basis of handcuffing alone."); *Huebner v. Bradshaw*, 935 F.3d 1183, 1191 (11th Cir. 2019) ("[W]e have repeatedly held that painful handcuffing alone doesn't constitute excessive force."). Saxton, thus, fails to state an excessive force claim under the Fourth Amendment.

*4. First Amendment Claim*

Saxton also alleges the defendants violated the First Amendment by confiscating his phone and prohibiting him from filming the officers' conduct. ECF 4-1 at 2-3.

The Eleventh Circuit has recognized "a First Amendment right, subject to reasonable time, manner, and place restrictions, to photograph or videotape police conduct." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). "Additionally, … law enforcement officers may not arrest an individual as a way 'to thwart or intrude upon First Amendment rights otherwise being validly asserted.'" *Toole v. City of Atl.*, 798 Fed. App'x 381, 387 (11th Cir. 2019) (quoting *Kelly v. Page*, 335 F.2d 381, 387 (5th Cir. 1964)). However, while Saxton arguably had a First Amendment right to film the code enforcement officer's actions, he fails to allege which officer confiscated his phone. Because Saxton does not link a particular defendant to the alleged First Amendment violation, he has failed to state a claim under the First Amendment.

Saxton's First Amendment claim is **DISMISSED without prejudice**.

*5. Intentional Infliction of Emotional Distress Claim*

Saxton also alleges that "the stress [the defendants] put on [him] due to his [s]trokes was intentional infliction of emotional distress." ECF 4-1 at 3. Saxton does not allege that the defendants' actions caused him to experience strokes or further medical complications. Rather, he appears to allege that his stress from his interactions with the defendants was heightened because of his medical condition. *Id.* at 3.

Under Georgia law, intentional infliction of emotional distress contains four elements: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe."

*Parcel Service v. Moore*, 238 Ga. App. 376, 377, 519 S.E.2d 15 (1999) (quoting *Odem v. Pace Academy*, 235 Ga. App. 684, 654(2), 510 S.E.2d 326 (1998)). Saxton's one-sentence allegation does not state a claim. First, Saxton does not allege that the defendants intended to inflict emotional pain or that they acted recklessly with regard to that possibility. *See Johnson v. American Nat. Red Cross*, 253 Ga. App. 587, 593, 569 S.E.2d 242 (2002). Moreover, Saxton alleges only that the defendants caused "stress." ECF 4-1 at 3. He does not allege any other physical and/or mental manifestations that constitute "severe" emotional distress under Georgia law.[4] *Howerton v. Harbin Clinic, LLC*, 333 Ga. App. 191, 208, 776 S.E.2d 288 (2015) ("To demonstrate that the emotional distress [he] suffered was severe, a plaintiff must show, at the very least, that physical and/or mental manifestations of that distress required [him] to seek medical or psychological treatment.") (collecting cases).

Saxton's claim for intentional infliction of emotional distress is **DISMISSED without prejudice.**

*6. Claims Related to Ethical Violations*

Saxton also alleges that Officer Thomas and the other code enforcement officers committed ethical violations. ECF 4-1 at 2. Specifically, Saxton alleges that Officer Thomas had a conflict of interest because his son lives with Saxton's ex-wife. *Id.* Saxton also alleges that someone who knew Officer Thomas[5] threw a bottle through Saxton's

---

[4] Saxton alleges that he had strokes and heart problems, and that the defendants should have granted his request an extension of time to complete his required yard work because of those health issues. ECF 4-1 at 2. It is unclear if those allegations are intended to support his claim for Intentional Infliction of Emotional Distress. To the extent that they are, Saxton again fails to plausibly allege that the denial of an extension caused him severe emotional distress.

[5] It is unclear exactly who Saxton alleges threw a bottle through his windshield. Saxton alleges the bottle was thrown by "Mr. Thomas's son best friend to [Saxton's] ex-wife." ECF 4-1 at 2. It appears that the

windshield and was not charged for his or her actions. *Id.* Finally, Saxton alleges that the defendants failed to take into account Saxton's medical conditions during the incident in question, which constituted an ethical violation. *Id.* However, Saxton fails to connect the alleged ethical violations to a legal cause of action. Thus, Saxton fails to state a claim based on the defendants' ethical duties.

Accordingly, any claim arising from the officers' alleged ethical violations is **DISMISSED without prejudice**.

## II. CONCLUSION

Saxton has **60 days** from the entry of this order to properly identify the "4 unknown code enforcement officers" and the "unknown county employees," and to file an amended complaint asserting claims against those defendants. The following claims are **DISMISSED without prejudice** as to Officer Thomas: (1) Saxton's Eighth Amendment claim; (2) Saxton's First Amendment claim; (3) Saxton's state law claim for intentional infliction of emotional distress; and (4) any claim arising from the officers' alleged ethical violations. Saxton's Fourth Amendment claim for unreasonable search and seizure against Officer Thomas **SHALL** proceed for further factual development. Accordingly, it is **ORDERED** that service be made on Bibb County Code Enforcement Officer Thomas by the United States Marshal Service.

Saxton is advised that he must serve upon opposing counsel (or the defendants if they are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Saxton shall include with any paper which is filed with the Clerk of

---

individual referred to is Officer Thomas' son. Regardless, it is clear that the individual who threw the bottle through Saxton's windshield is not a named defendant.

Court a certificate stating the date on which a true and correct copy of that paper was mailed to the defendants. The Clerk of Court will not serve or forward to the defendants or their counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Saxton is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Saxton is required to keep the Clerk of Court advised of her current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 31st day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
